THOMAS E. TURNEY *vs.* J. E. GILLETT.

October Term, 1898.

Present: Ross, C. J., Taft, Rowell, Tyler, Start and Thompson, JJ.

Opinion filed January 28, 1899.

*Lien—Construction of Contract.*—The plaintiff gave the defendant a bond which recited that he had sold to the defendant a farm, six cows and certain other property, for two thousand dollars, to be paid, a certain amount with interest on the whole debt, each year, and that when nine

hundred dollars and interest had been paid, the defendant should have a deed and give a mortgage back for the balance; a lien was then reserved upon the crops, wood, bark and lumber, and the butter and income from the cows, until "said payments are made." *Held*, that the lien was security for the nine hundred dollars with interest, and not merely security upon each year's product for the payment due that year.

TROVER. Trial by court at the March term, 1898, Washington county, *Munson*, J., presiding. Judgment for the defendant. The plaintiff excepted.

The court found the following facts:

The defendant is in the possession of the farm mentioned in the contract. The plaintiff claims to recover for five thousand pounds of milk and some hemlock bark disposed of by the defendant in the year 1896. The milk was delivered to a cheese factory, and the avails taken by the defendant. The bark was peeled from some hemlock cut by the defendant in June, 1896, and was sold by the defendant in the fall of that year. The defendant received $50 for the milk and $15 for the bark. He has not accounted to the plaintiff for these sums, otherwise than by meeting his payments for the year. June 6, 1896, the plaintiff received $50 in payment of the note due June 1st, 1896. November 28, 1896, he received $73 to apply on the interest due December 1st, 1896. April 22, 1897, he received on wood sold $47.10, balance due on interest of December 1st, 1896. This suit was brought November 18, 1897. The reservation covering this property is that it shall be and remain the plaintiff's "till said payments are made."

The court construed this to mean the payments for the year, and rendered judgment for the defendant.

*E. F. Palmer* for the plaintiff.

*F. L. Laird* for the defendant.

START, J. The plaintiff's right to the property declared for is dependent upon the construction of a bond given by him to the defendant, which recites, that the plaintiff has sold to the defendant a farm, six cows, and certain other

property, for the sum of two thousand dollars; and, after providing for annual payments and interest, sets forth, that, when the sum of nine hundred dollars, with interest on the whole debt, has been paid, the plaintiff shall execute to the defendant a warranty deed of the farm. The bond also provides, that the defendant shall give a mortgage to secure the balance of the debt; and that the crops raised on the farm, all butter and income from the cows, all wood, bark and lumber cut on the farm, shall be and remain the plaintiff's until "said payments are made."

The defendant contends, that, by this condition, a lien is reserved only on property mentioned therein, for the payment due, or to become due, the year in which such property is produced from the farm and cows; but we think this is not the true construction of the reservation. When payments aggregating nine hundred dollars of the principal and interest on the whole debt have been made, the property is to be conveyed. Then follows the reservation, which continues in force until the "said payments are made." The words, "said payments," clearly refer to the payments that make the sum of nine hundred dollars, and are to be made before the plaintiff is under any obligation to convey the property; and the plaintiff's lien continues and attaches to all crops raised on the farm, all butter and income from the cows, all wood, bark and lumber cut on the farm, until the full sum of nine hundred dollars is paid, and is not terminated as to property produced in any one year, on payment of the sum falling due during that year.

*Judgment reversed; judgment for the plaintiff.*